# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CHARLES COLEMAN, JR.,

    Plaintiff,

v.

RIDE NOW, LLC,

    Defendant.

Case No. 2:19-cv-02155-KJD-BNW

**ORDER**

Pro se plaintiff Charles Coleman, Jr. brings this lawsuit regarding a discrimination dispute. Coleman moves to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) Coleman submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Coleman's request to proceed *in forma pauperis* therefore will be granted. The court now screens Coleman's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

    **A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

Plaintiff's complaint consists of a complaint caption with the words "Discrimination, race, retaliation, Civil Rights violation" underneath and an EEOC Right to Sue letter. (ECF No. 1-1.) Plaintiff's complaint contains no factual allegations. Even liberally construing Coleman's complaint, he does not state sufficient factual allegations about the underlying dispute and the defendant's role in the matter to state a claim.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Coleman still must give each defendant fair notice of his claims against it and of Coleman's entitlement to relief.

Additionally, Coleman is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other

documents.  The court cannot refer to a prior pleading or other documents to make Coleman's amended complaint complete.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Coleman's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Coleman's complaint (ECF No. 1-1).

IT FURTHER ORDERED that Coleman's complaint be dismissed without prejudice.

IT IS FURTHER ORDERED that if Coleman wishes to file an amended complaint, he must do so by February 7, 2020.

DATED: January 8, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE