**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES COLEMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> RIDE NOW, LLC, <br><br> Defendant. | Case No. 2:19-cv-02155-KJD-BNW <br><br> **ORDER** |

Presently before the Court is plaintiff Charles Coleman, Jr.'s Amended Complaint (ECF No. 6), filed on February 7, 2020. For the reasons discussed below, the Court dismisses Plaintiff's Amended Complaint, but with leave to amend.

**I.      Background**

On December 17, 2019, Mr. Coleman, who is proceeding *pro se* and *in forma pauperis*, filed his complaint. (ECF No. 1-1.) On January 8, 2020, the Court screened his complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 4.)

On February 7, 2020, Mr. Coleman filed the Amended Complaint. (ECF No. 6.) The Court now screens his Amended Complaint (ECF No. 6) as required by 28 U.S.C. § 1915(e)(2).

**II.     Screening the Complaint**

   **A.  Standard of Review**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not be used to supply an essential element of the claim absent from the complaint).

**B.  Analysis**

Here, Mr. Coleman sues his former employer Ride Now, LLC and asserts several employment-related claims and civil rights claims. (ECF No. 6.) Although Mr. Coleman identified a defendant and the relief that he seeks, his Amended Complaint is still deficient. Specifically, the Amended Complaint does not include a copy of the U.S. Equal Employment Opportunity Commission's right-to-sue letter, which is required for federal employment

discrimination claims. *See, e.g., B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (citing 42 U.S.C. § 2000e–5(b)) ("Under Title VII, a plaintiff must exhaust h[is] administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge."). Mr. Coleman did include a copy of the EEOC's right-to-sue letter in his original complaint. (ECF No. 1-1 at 2). But it was incomplete and part of a prior pleading. The Court cannot refer to a prior pleading or other documents to make Mr. Coleman's Amended Complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

Accordingly, the Court will order that Mr. Coleman's Amended Complaint be dismissed, but with leave to amend.

The Court will also order the Clerk of Court to mail Mr. Coleman a template complaint for employment discrimination claims (i.e., Form Pro Se 7). The Court advises Mr. Coleman to complete the form fully and in its entirety, including indicating what statutes or other laws he is suing under. This is so the Court can determine if it has jurisdiction and if Plaintiff has pled facts sufficient to meet all of the elements of each cause of action. The Court also advises Mr. Coleman to attach a complete copy of the EEOC's right-to-sue letter.

Additionally, the Court advises Mr. Coleman that if he files a Second Amended Complaint, the original complaint (ECF No. 1-1) and Amended Complaint (ECF No. 6) will no longer serve any function in this case. As previously noted, the Court cannot refer to a prior pleading or other documents to make Mr. Coleman's Second Amended Complaint complete. *See Hal Roach Studios*, 896 F.2d at 1546. Put another way, the Second Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents.

Finally, if Mr. Coleman chooses to file a Second Amended Complaint, the Court will screen it in a separate Screening Order as required by 28 U.S.C. § 1915(e)(2).

**III.     Conclusion**

1. IT IS THEREFORE ORDERED that Plaintiff Charles Coleman, Jr.'s Amended Complaint (ECF No. 6) is dismissed with leave to file a Second Amended Complaint.

2. IT IS FURTHER ORDERED that if Mr. Coleman wishes to file a Second Amended Complaint, he must do so by September 1, 2020. If he chooses to file an amended complaint, he must write the words "Second Amended Complaint" in the caption. The amended complaint will be screened in a separate Screening Order. Additionally, the amended complaint must be a complete document in and of itself and will supersede the original complaint (ECF No. 1-1) and the Amended Complaint (ECF No. 6) in their entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the Second Amended Complaint will no longer be before the Court. The Second Amended Complaint must also include a copy of the U.S. Equal Employment Opportunity Commission's right-to-sue letter if Mr. Coleman moves forward with federal discrimination and retaliation claims.

3. IT IS FURTHER ORDERED that the Clerk of Court must send Mr. Coleman one blank complaint for employment discrimination form (Form Pro Se 7), one copy of the original complaint (ECF No. 1-1), one copy of the Amended Complaint (ECF No. 6), and one copy of this Screening Order.

DATED: July 28, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE